IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT B. SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-02491 |
| ) | |
| THE HARTFORD FINANCIAL SERVICES ) | |
| GROUP, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT</u>**

COMES NOW, Defendant United States Liability Insurance Company ("USLI"), by and through counsel, and submits this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion, Defendant files herewith a memorandum in support pursuant to D. Kan. Rules 7.1 and 7.6. Defendant requests his Motion be granted and the action dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**<u>MEMORANDUM IN SUPPORT</u>**

Given the procedural posture, the following statement of facts is limited to the facts alleged in the Complaint, documents incorporated by reference into the Complaint, documents referenced in the Complaint whose authenticity is not questioned, and other matters of which judicial notice may be taken. *See Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010). By reciting them here, USLI does not necessarily admit the truth of those allegations.

Plaintiff's Complaint arises out of an on-the-job back injury he suffered in January 2012 when he was assigned by OnForce to perform work for a company called Agilisys. Plaintiff sought workers' compensation benefits for the injury, initiated a workers' compensation case, and now

claims that he is the victim of an extensive conspiracy to deny him adequate healthcare, involving multinational corporations, insurance companies, attorneys, judges, and healthcare providers.

As this Court has previously noted, Plaintiff "is no stranger to this District." *See, e.g., Sullivan v. Hartford Fin. Serv. Gr., Inc.*, No. 22-2095-KHV-ADM, 2022 WL 2309095 at *2 (D. Kan. April 20, 2022). Since 2018, Sullivan has filed nine *pro se, in forma pauperis* complaints in this Court against a host of defendants seeking, among other things, medical care for his injuries. None of his attempts have been successful. *See, e.g., Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43 (10th Cir. 2021).

Plaintiff's Complaint is littered with unsupported conclusory allegations that various defendants have committed wrongful acts with the intent of depriving him of adequate healthcare. Plaintiff's allegations of specific wrongdoing span approximately 2012 to 2016. (*See generally* ECF # 1-1). Summarized, Plaintiff claims that USLI, either on its own or through its parent company Berkshire Hathaway, Inc. ("Berkshire Hathaway"), conspired with the Hartford Insurance Company to deny his workers' compensation claims. To be clear, ***Plaintiff has not pled that he entered into an insurance agreement with either USLI or Berkshire Hathaway.*** Instead, the only claim made by Plaintiff that attempts to link Berkshire Hathaway or USLI to Mr. Sullivan being denied insurance coverage is a baseless claim that USLI created, operated, marketed, and covered up OnForce's alleged insurance frauds. But, Plaintiff has not, because he cannot, pled any facts that show a legal or de facto relationship between USLI and OnForce or the Hartford relating to Mr. Sullivan's claims.

The only other connection that Plaintiff alleges that USLI has in this case arises from Mr. Sullivan's complaint against Nebraska Furniture Mart ("NFM"). The month before Sullivan's alleged injury, he made purchases from NFM using store credit. Sullivan did not comply with his

2

payment obligations. Accordingly, NFM instituted collection proceedings. Sullivan asserted a number of counterclaims. The state court litigation continued for nearly four years before a settlement was reached in 2016. As part of the settlement, Sullivan released his claims against NFM. During that process, NFM did originally request a release that would have released Berkshire Hathaway (NFM's parent company) and all of its subsidiaries, but that version of the release was never signed by Mr. Sullivan. Without providing any reasoning as to why, Plaintiff then tries to link USLI to this attempt because it is also an affiliate of Berkshire Hathaway. To this day, USLI has never been a party to an agreement involving Plaintiff.

**Argument**

The Federal Rules of Civil Procedure under 12(b)(6) require that "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *See. Hartford Fin. Serv. Gr., Inc.*, 2022 WL 2309095 at *1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires more than "recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient to survive dismissal. For a pro se complaint, "'the court does not assume the role of advocate," and Plaintiff "still bears 'the burden of alleging sufficient facts on which a recognized legal clam could be based.'" *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Additionally, a pleading alleging fraud "must state with particularity the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b).

I.  **Sullivan's RICO claim against USLI must be dismissed.**

   a.  **The Complaint does not state a plausible RICO claim against USLI.**

Count I of the Complaint alleges RICO violations against multiple defendants, including USLI. (ECF # 1-1 at 64.) As this Court has explained in a prior case brought by Sullivan:

> To state a RICO claim, Mr. Sullivan must plausibly allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003). "RICO is founded on the concept of racketeering activity." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 882 (10th Cir. 2017). The term "racketeering activity" is defined as certain specified crimes. *See* 18 U.S.C. § 1961(1).

*See Sullivan v. WorkMarket*, No. 22-2017-KHV-RES, 2022 WL 4932306, at *9 (D. Kan. Aug. 8, 2022), *report and recommendation adopted*, 2022 WL 4938906 (D. Kan. Aug. 30, 2022).

"Setting aside the . . . complaint's numerous legal conclusions or legal conclusions couched as factual allegations, the discernable facts pleaded as to [USLI] are relatively brief." *See id.*, 2022 WL 4932306, at *11. Sullivan alleges that a justice of the Kansas Supreme Court threatened his wife when she was at the courthouse to file a motion on his behalf in the State Court Litigation. But Sullivan has "not ple[d] facts tying the alleged threat to" USLI. *See id.* Accordingly, this allegation is insufficient to constitute a RICO predicate act. *See id.*

Once the bare legal conclusions are disregarded, the only statements pertaining to any alleged relationship between USLI and any of the other named defendants is that USLI and NFM are both affiliates of Berkshire Hathaway. Sullivan takes issue with NFM asking him to sign a settlement agreement that would have extended a release of liability to Berkshire Hathaway and its affiliates. To be sure, Sullivan does use the word "extort" in describing NFM's conduct. (ECF # 1-1 ¶ 266.) But that is the type of label or conclusion that is disregarded at the pleading stage. *See KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2021 WL 3144711, at *11 (D. Kan. July 26, 2021). In any event, "[e]xtortion means 'the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.'" *See Olathe/Santa Fe P'ship v. Doull*, No. 2-2374-CM, 2013 WL 1729203,

4

at *3 (D. Kan. Apr. 22, 2013) (citing 18 U.S.C. § 1951(b)(2)). By way of analogy, this Court has held that it is not extortionate for a bank to ask its borrowers "to negotiate and provide more collateral before advancing additional funds." *Id.* Similarly, it is not extortionate for a commercial creditor to ask a debtor with whom it is in active litigation to release claims against its parent corporation as a proposed term of settlement. Such terms are common.[1]

Further, Mr. Sullivan does not allege that Berkshire Hathaway exercised control or influence over NFM during this process. Mr. Sullivan's complaint contains other allegations against NFM, but he does not allege that Berkshire Hathaway was involved in or influenced NFM's actions. (ECF # 1-1 ¶¶ 273.). Mr. Sullivan has not provided a link to Berkshire Hathaway, and he certainly has not pled a link to USLI, an affiliate that had absolutely nothing to do with the transaction that gave rise to the state court litigation involving NFM.

The Complaint also does not adequately allege that Berkshire Hathaway was part of a RICO enterprise. "RICO broadly defines 'enterprise' as 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Sullivan v. WorkMarket*, 2022 WL 4932306, at *12 (citing *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016)).

> From the terms of RICO, it is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose. As we succinctly put it in *Turkette,* an association-in-fact enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct.

*Id.* (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)). Simply put, the Complaint is devoid of any allegation (other than labels and conclusions that must be disregarded) that USLI

---

[1] *See, e.g., Adams v. EMC Mortg. Corp.*, 549 F. App'x 718, 719 (10th Cir. 2013) (addressing release extending to "affiliates" and "parent companies").

associated with any of the other defendants for any purpose. Accordingly, the RICO claim against USLI should be dismissed on the merits for failure to state a claim.

### b. The RICO claim against USLI is barred by the statute of limitations.

The RICO claim against USLI is also barred by the statute of limitations. A statute-of-limitations defense can be addressed on a motion to dismiss if the face of the Complaint and other materials that the Court may properly consider make clear that the statute has run. *See Herrer v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022).

The statute of limitations for a civil RICO claim is four years. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (citing 15 U.S.C. § 15b). Although the Court has "not settled upon a definitive rule for when the limitations clock starts running, it has announced two possibilities: either when the plaintiff knew or should have known of his injury (the injury-discovery rule); or when the plaintiff was injured, whether he was aware of the injury or not (the injury-occurrence rule)." *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008). "In either case the plaintiff need not be aware of the pattern of racketeering activity." *Id.*

As it often the case, "[i]t is unnecessary for [the Court] to choose between the two rules today, because it cannot be disputed that Mr. [Sullivan's] injury and his discovery of that injury" occurred no later than when the State Court Litigation involving NFM was dismissed in 2016. *See id.* Sullivan became aware of the threat from the Kansas Supreme Court Justice in December 2015. (ECF # 1-1 ¶¶ 263-64.) Sullivan was also aware of the affiliation between USLI and NFM (both being affiliates of Berkshire Hathaway) during the course of that litigation, and his attorney advised him of what she understood to be the attendant legal issues. (ECF # 1-4 ¶¶ 217-19; ECF # 1-1 ¶¶ 266-73; Ex. 9 ¶¶ 39, 43, 45, & 50.)

Because any RICO claim that Plaintiff may have against USLI accrued no later than 2016, any such claim was time barred by 2020. The Complaint in this case was not filed until November 2022. Accordingly, any RICO claim that Plaintiff may have is time barred.

Sullivan may argue that the statute of limitations is tolled due to him being under a legal disability. But the Clayton Act's statute of limitations, which has been extended to RICO claims, contains no exception for disability. *See Sherman v. Trinity Teen Solutions, Inc.*, 2021 WL 7286595, at *8 (D. Wyo. Nov. 30, 2021); *accord Vogel v. Linde*, 23 F.3d 78, 80 (4th Cir. 1994) (discussing general federal rule). Accordingly, any such argument should be rejected.

Mr. Sullivan may also argue that the statute of limitations should be equitably tolled "due to the fact that all of my disabilities were and are being inflicted [upon] me by the defendants [specifically] to render me incapable of defending my rights." (ECF # 1-1 ¶ 246.) "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *See Sullivan v. HCA Healthcare, Inc.*, No. 19-2034-JAR-TJJ, 2019 WL 4034473, at *5 (D. Kan. Aug. 27, 2019) (citing, *e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 415 (2005)).

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Id.* Setting aside labels and conclusions, the Complaint contains no factual support for any misconduct by USLI, let alone "induc[ing] or trick[ing]" Sullivan "into allowing the filing deadline to pass." *See id.* Accordingly, there is no basis for equitable tolling. *See id.* (reaching the same conclusion in addressing similar claims made by Sullivan against other defendants).

II.    **To the extent the Complaint alleges that USLI participated in the alleged conspiracy to violate the Civil Rights Acts, any such claim must be dismissed.**

Count II of the Complaint alleges conspiracies to violate the Civil Rights Acts against all named defendants. (ECF # 1-1 at 74.) Sullivan appears to be referring to 42 U.S.C. §§ 1981-1988. (ECF 1 at 3.) As relevant here, section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." Based on that language, the Tenth Circuit has recognized that section 1981 "is concerned with discrimination based on race and not on disability." *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1411 (10th Cir. 1997). But Sullivan claims he was discriminated against based on his disability, not his race. (ECF # 1-1 ¶ 84; ECF # 1-4 ¶¶ 553 *et seq.*) For that reason, both this Court and the Tenth Circuit have rejected Sullivan's prior claims under the Civil Rights Acts. *See Sullivan*, 844 F. App'x at 49. The same result is warranted here.

Any claim under the Civil Rights Acts is also barred by the statute of limitations. The statute of limitations is determined by the forum in which the case is filed. *See Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006). In Kansas, the limitations period is two years. *See Tran v. Cnty. of Douglas*, No. 21-2310-KHV, 2021 WL 5505455, at *5 (D. Kan. Nov. 24, 2021). As noted above, other than labels and conclusions, there are no factual allegations regarding USLI after the State Court Litigation involving NFM was dismissed with prejudice in 2016. This case was not initiated until 2022. Accordingly, any such claims against USLI are time barred.

Sullivan may argue that an alleged disability or the doctrine of equitable tolling excuses his failure to timely file this claim. "Because state law provides the statute of limitations period for" this claim, "state law also determines any tolling of the limitations period." *See Sullivan v.*

*HCA Healthcare, Inc.*, 2019 WL 4034473, at *4. Sullivan has raised similar arguments in other cases before this Court that have been rejected, and they should be rejected here as well. *See id.*[2]

### III. To the extent Sullivan alleges tort claims, they should be dismissed.

The Complaint raises claims of tortious interference with contract, intentional infliction of emotional distress, and "personal injury." It is unclear if these claims are raised against USLI. Out of an abundance of caution, they are addressed in turn.

Count III of the Complaint is for tortious interference with contract. (ECF # 1-1 at 75-76.)

> A plaintiff asserting a claim for tortious interference with an existing contract must plead facts sufficient to plausibly show "(1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom."

*Sullivan v. WorkMarket*, 2022 WL 4932306, at *16 (citing *Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130, 150 (Kan. 2003)). If this claim is asserted against Berkshire Hathaway, it must be dismissed for reasons substantially similar to those that a similar claim asserted by Sullivan was dismissed by this Court previously. *See id.* Specifically:

> [Sullivan] does not allege specific contracts for workers compensation benefits, for private insurance benefits, or for complete courses of medical care, and he does not identify the parties to any such contracts. Moreover, plaintiff does not allege facts which suggest that the alleged interference by [Berkshire Hathaway] was without justification.

*See* 2022 WL 4938906, at *9.

Count XI is a claim for intentional infliction of emotional distress. (ECF # 1-1 at 86.)

---

[2] *See also Sullivan v. WorkMarket*, No. 22-2017-KHV-RES, 2022 WL 4932306, at *8 (D. Kan. Aug. 8, 2022) (noting "that Mr. Sullivan's claims would face continuing—and likely successful—challenges on this basis if this case were to proceed"), *report and recommendation adopted*, 2022 WL 4938906 (D. Kan. Aug. 30, 2022); *Sullivan v. Hartford Fin. Servs. Grp., Inc.*, No. 22-2095-KHV-ADM, 2022 WL 2309095, at *7 (D. Kan. Apr. 20, 2022) (finding several of Sullivan's claims against other defendants "likely time barred"), *report and recommendation adopted*, 2022 WL 2309034 (D. Kan. May 26, 2022).

> In order to prevail in a claim of intentionally causing emotional distress, a plaintiff must prove four elements: (1) The conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe.

*Valadez v. Emmis Commc'ns*, 229 P.3d 389, 394 (Kan. 2010).  This count does not indicate which defendants it is raised against.  The count vaguely references "threats of murder, physical assaults, and systematic 'Gaslighting.'" (*Id.*)  The Complaint does not allege any facts plausibly linking Berkshire Hathaway to any threats of murder or physical attacks.  It is also unclear what "gaslighting" refers to; and, in any event, such an allegation is a mere label or conclusion that must be disregarded.  Accordingly, the Complaint fails to plausibly allege elements (1)-(3).  Moreover, the Complaint does not plausibly allege extreme and severe mental distress, which is distress that is "so severe that no reasonable person should be expected to endure it." *See id.*

Count XII is a claim for "personal injury." (ECF # 1-1 at 86.)  But there is no stand-alone claim for "personal injury" under Kansas law.  Even if this claim is understood to be a negligence claim, it must be dismissed for substantially the same reasons that Sullivan's claim for personal injury was dismissed in a separate case last year.  Specifically:

> Mr. Sullivan's . . . complaint does not specify the duty Mr. Sullivan contends [Berkshire Hathaway] owed to him, and he does not allege facts which, if assumed to be true, would support that [Berkshire Hathaway] breached an unspecified duty, proximately causing Mr. Sullivan's injuries.  Again, none of the . . . complaint's discernable factual assertions as to [Berkshire Hathaway] show a breach of any duty, or that these actions would have somehow proximately caused Mr. Sullivan's injuries.  To the extent Mr. Sullivan's . . . complaint can be read to assert a negligence claim, the . . . complaint does not state a claim as to [Berkshire Hathaway].

*Sullivan v. WorkMarket*, 2022 WL 4932306, at *17 (citations omitted).

Moreover, to the extent the Complaint attempts to state any of these tort claims against USLI, any such claim against USLI is barred by the applicable two-year statute of limitations. *See*

10

Kan. Stat. Ann. § 60-513(a)(4); *Smith v. Williams*, No. 20-CV-2224-EFM-GEB, 2022 WL 4245479, at *4 & n.15 (D. Kan. Sept. 15, 2022) (tortious interference); *Hallam v. Mercy Health Ctr. Of Manhattan, Inc.* 97 P.3d 492, 497 (Kan. 2004) (intentional infliction of emotional distress). As noted above, the only facts pled regarding USLI (setting aside labels and conclusions) occurred in 2016 or earlier. This case was not filed until 2022. Accordingly, any tort claim against USLI is time barred under state law for the same reasons described above.

**IV.    Any remaining counts against USLI should also be dismissed for failing to state a claim on which relief can be granted.**

Seemingly understanding that he has failed to meet the federal pleading requirements, Plaintiff asserts a claim to "all relief which [he is] entitled" under Fed. R. Civ. P. 54(c). But that rule only applies to the relief available to courts to provide in non-default judgment actions—it is not an invitation to federal courts to fashion their own causes of action out of Plaintiff's allegations. The Court should decline Plaintiff's broad invitation, as it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall,* 935 F.2d at 1110. Similarly, the Court should not take the effort to parse each and every allegation contained in the sprawling complaint and determine if there is a colorable action under either state or federal law not specifically pled by Plaintiff.

## CONCLUSION

For the above reasons, USLI respectfully requests that the Court grant its Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

SANDERS WARREN & RUSSELL LLP

/s/ *Sean M. Sturdivan*
Sean M. Sturdivan,           KS #21286
Jackson Gilkey,              KS #79079
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Telephone:    (913) 234-6100
Facsimile:    (913) 234-6199
s.sturdivan@swrllp.com
j.gilkey@swrllp.com
**ATTORNEYS FOR DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served this 6th day of April, 2023, via the Court's Electronic Filing (ECF) system which provided service electronically to all parties of record.

The undersigned further certifies that a copy of the above and foregoing was also forwarded via electronic mail to:

Scott B. Sullivan
7214 W. 71st Terrace
Overland Park, KS 66204
scott@nerd-911.com
**PRO SE PLAINTIFF**

/s/ *Sean M. Sturdivan*
ATTORNEY