FILED
United States Court of Appeals
Tenth Circuit

July 17, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

SCOTT B. SULLIVAN,

    Plaintiff - Appellant,

v.

JOHN M. GRAHAM, JR.; MELINDA YOUNG; DAVID CLYMER; CARONDELET ORTHOPAEDIC SURGEONS; EDWARD PROSTIC; DR. PROSTIC'S PRACTICE; JOHNSON COUNTY IMAGING RADIOLOGIST; JOHNSON COUNTY IMAGING; STEVEN G. PILAND; THE STEVEN G. PILAND LAW FIRM; MATTHEW BRETZ; THE LAW FIRM OF BRETZ & YOUNG; TIM ELLIOT; ELLIOT LAW FIRM; KENNETH HURSH; JERRY SHELOR; THE LAW FIRM OF MCANANY, VAN CLEAVE AND PHILLIPS; GREG GOHEEN,

    Defendants - Appellees.

No. 23-3153
(D.C. No. 2:22-CV-02319-SRB)
(D. Kan.)

_____

SCOTT B. SULLIVAN,

    Plaintiff - Appellant,

v.

THE HARTFORD FINANCIAL SERVICES GROUP, INC.; HONORABLE LAWTON NUSS; CAROL MORRIS; HONORABLE PAUL GURNEY; LADUSKA ANNE HANEY; ZEKE DELGADO; MIKE FISKE; TWIN CITIES

No. 23-3154
(D.C. No. 2:22-CV-02491-SRB)
(D. Kan.)

FIRE INSURANCE COMPANY; BERKSHIRE HATHAWAY; UNITED STATES LIABILITY INSURANCE COMPANY; UNKNOWN DEFENDANTS; CONCENTRA; TEGUMSEN WAKWAYA; PREMIER SPINE CARE; JOHN CICCARELLI; AMY SLESKY; ST. LUKE'S SOUTH PRIMARY CARE; STEPHEN NOLKER; DAVID CYMER; EDWARD PROSTIC; JOHNSON COUNTY IMAGING; JOHN M. GRAHAM, JR.; THE STEVEN G. PILAND LAW FIRM; STEVEN G. PILAND; MELINDA YOUNG; MATTHEW L. BRETZ; THE LAW FIRM OF BRETZ & YOUNG; TIM ELLIOT; THE TIM ELLIOT LAW FIRM; GREG GOHEEN; DARRYL WYNN; JODI FOX; HONORABLE KENNETH HURSH; HONORABLE JERRY SHELOR; UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS; HONORABLE KATHERYN VRATIL; HONORABLE ANGEL D. MITCHELL; NEBRASKA FURNITURE MART; HONORABLE KEVIN MORIARTY; ONFORCE; WORKMART; HONORABLE THERESA JAMES; HONORABLE RACHEL SCHWARTZ; HONORABLE JULIE A. ROBINSON; MCANANY, VAN CLEAVE & PHILLIPS, P.A.; HONORABLE LEE JOHNSON,

        Defendants - Appellees.

## ORDER AND JUDGMENT[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding

_____

Before **TYMKOVICH**, **BALDOCK**, and **MATHESON**, Circuit Judges.

_____

Scott Sullivan, proceeding pro se,[1] brings two appeals challenging the dismissals of his complaints against more than forty defendants alleging conspiracy, fraud, and other similar claims related to an injury he sustained in 2012. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

These appeals are another chapter in what we have previously described as "Mr. Sullivan's wide-ranging litigation efforts relating to a workplace injury in January 2012." *Sullivan v. Hartford Fin. Servs. Grp., Inc.*, Nos. 22-3118 & 22-3193, 2023 WL 4635888, at *1 (10th Cir. July 20, 2023) (affirming dismissal of "two lawsuits against numerous defendants, whom he claims conspired against him to deny medical treatment"). Although Mr. Sullivan's arguments on appeal of each of his cases are substantially identical, it is somewhat difficult to parse the different legal claims he raised in each of his cases. Before turning to his appellate arguments, we set forth the similar procedural history of each case based on our careful review of the record.

---

precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Sullivan proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

3

## BACKGROUND

### I.   23-3153

Mr. Sullivan filed a 93-page pro se complaint in August 2022. The defendants filed motions to dismiss or, alternatively, for a more definite statement under Fed. R. Civ. P. 12(e). The court denied the motions without prejudice and ordered Mr. Sullivan to file an amended complaint more clearly delineating the actual claims he was asserting. The court further stated a compliant amended complaint "likely does not need to exceed forty pages." R. (23-3153) at 317.

Mr. Sullivan twice moved for, and received, extensions of time to file his amended complaint, which he filed in June 2023. The amended complaint was over 177 pages and added several additional defendants. The court dismissed the additional named parties and directed Mr. Sullivan "to file a Second Amended Complaint that shall not exceed fifty pages." *Id.* at 817. On the deadline to file this pleading, Mr. Sullivan filed a motion to exceed the page limitations along with his proposed second amended complaint which was 105 pages in length.

The district court denied Mr. Sullivan's motion to exceed page limitations. The court further concluded that, notwithstanding the liberal construction owed to Mr. Sullivan's pro se pleadings, his "allegations [were] rambling and incoherent" and did not state any claim under federal law in compliance with Fed. R. Civ. P. 8. *Id.* at 821. The court therefore dismissed the federal claims under Fed. R. Civ. P. 41, declined to exercise supplemental jurisdiction over any remaining state-law claims, and entered judgment dismissing the case without prejudice. The court also,

4

alternatively, concluded that Mr. Sullivan's "complaint is largely a repeat of claims that have been dismissed by this Court and the Tenth Circuit" and dismissed it for that reason as well. *Id.*

Mr. Sullivan filed a motion for relief under Fed. R. Civ. P. 59(e) in which he also requested the district court appoint counsel for him. The district court denied the motion.

## II.   23-3154

The proceedings in 23-3154 were nearly identical to those in 23-3153, though they involved slightly different claims and different defendants. Mr. Sullivan filed an 81-page pro se complaint in November 2022. Once again, the defendants filed motions under Fed. R. Civ. P. 12 and, once again, the court denied the motions without prejudice, ordering Mr. Sullivan to file an amended complaint and stating such an amended complaint "likely does not need to exceed forty pages." R. (23-3154), vol. 6 at 58.

Here, too, Mr. Sullivan twice received an extension of time to file his amended complaint, which he filed in June 2023. Once again, the court dismissed the newly added parties and directed Mr. Sullivan "to file a Second Amended Complaint that shall not exceed fifty pages." R. (23-3154) vol. 1, at 33. On the deadline to file this pleading, Mr. Sullivan filed a motion to exceed the page limitations along with his 105-page proposed second amended complaint. *See* Aplee. App. (23-3154) at 77–181.

As in 23-3153, the district court denied Mr. Sullivan's motion to exceed page limitations. The court further concluded that, notwithstanding the liberal

5

construction owed to Mr. Sullivan's pro se pleadings, his allegations lacked coherence and did not state any claim for a federal law violation in compliance with Fed. R. Civ. P. 8. The court therefore dismissed the federal claims under Fed. R. Civ. P. 41, declined to exercise supplemental jurisdiction over any remaining state-law claims, and entered judgment dismissing the case without prejudice.

Mr. Sullivan filed a motion for relief under Fed. R. Civ. P. 59(e) in which he requested the district court appoint counsel for him. The district court denied the motion.

## DISCUSSION

Construing Mr. Sullivan's briefs liberally, in both cases he challenges (a) the district court's imposition of a page limit on his amended complaints; (b) the subsequent dismissal without prejudice of his claims and (c) the denial of his requests for appointment of counsel.[2] We review each of these decisions for abuse of discretion. *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007) (imposition of page limits); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (dismissal without prejudice under Fed. R. Civ. P. 41); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (denial of appointed counsel in a civil case).

---

[2] In his Reply Brief in 23-3154, Mr. Sullivan argues for the first time that the district court judge was unfairly prejudiced or biased against him. "But arguments raised for the first time in a reply brief are waived," so we do not consider this argument. *In re Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1112, n.5 (10th Cir. 2017).

6

We discern no abuse of discretion. Mr. Sullivan challenges the procedural propriety of the court's dismissals under Rule 41, but the dismissals were without prejudice, and a "district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious*, 492 F.3d at 1162. He also argues, at considerable length in both cases, against the constitutionality of 28 U.S.C. § 1915(e)(2) as applied to him specifically and to disabled litigants generally. But the district court did not dismiss his claims under § 1915 in either case, so these arguments do not apply.

Mr. Sullivan also challenges the imposition of a page limit on his amended complaints. Not only have we previously upheld similar limitations as reasonable, *see Timmerman*, 483 F.3d at 1112, but here the district court independently concluded the proposed amended complaints did not state a claim for relief in compliance with Fed. R. Civ. P. 8. Mr. Sullivan does not refute this conclusion.

Finally, having reviewed the record in both cases, Mr. Sullivan's request for appointment of counsel did not present an "extreme case[] where the lack of counsel result[ed] in fundamental unfairness," so we will not overturn the court's decisions to deny it. *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985).

## CONCLUSION

We affirm the judgments of the district court.

Entered for the Court

Per Curiam

7