FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

October 17, 2025

———————————————

Christopher M. Wolpert
Clerk of Court

SCOTT B. SULLIVAN,

    Plaintiff - Appellant,

v.

JOHN M. GRAHAM, JR.; MELINDA YOUNG; DAVID CLYMER; CARONDELET ORTHOPAEDIC SURGEONS; EDWARD PROSTIC; DR. PROSTIC'S PRACTICE; JOHNSON COUNTY IMAGING RADIOLOGIST; JOHNSON COUNTY IMAGING; STEVEN G. PILAND; THE STEVEN G. PILAND LAW FIRM; MATTHEW L. BRETZ; THE LAW FIRM OF BRETZ & YOUNG; TIM ELLIOT; ELLIOT LAW FIRM; KENNETH HURSH; JERRY SHELOR; THE LAW FIRM OF MCANANY, VAN CLEAVE AND PHILLIPS; GREG GOHEEN,

    Defendants - Appellees.

No. 24-3113
(D.C. No. 2:22-CV-02319-SRB)
(D. Kan.)

———————————————

SCOTT B. SULLIVAN,

    Plaintiff - Appellant,

v.

THE HARTFORD FINANCIAL SERVICES GROUP, INC.; CAROL MORRIS; LADUSKA ANNE HANEY; ZEKE DELGADO; MIKE FISKE; TWIN CITIES FIRE INSURANCE COMPANY; BERKSHIRE HATHAWAY; UNITED

No. 24-3114
(D.C. No. 2:22-CV-02491-SRB)
(D. Kan.)

STATES LIABILITY INSURANCE COMPANY; UNKNOWN DEFENDANTS; CONCENTRA; TEGUMSEN WAKWAYA; PREMIER SPINE CARE; JOHN CICCARELLI; AMY SLESKY; ST. LUKE'S SOUTH PRIMARY CARE; STEPHEN NOLKER; DAVID CYMER; EDWARD PROSTIC; JOHNSON COUNTY IMAGING; JOHN M. GRAHAM, JR.; THE STEVEN G. PILAND LAW FIRM; STEVEN G. PILAND; MELINDA YOUNG; MATTHEW BRETZ; THE LAW FIRM OF BRETZ & YOUNG; TIM ELLIOT; THE TIM ELLIOT LAW FIRM; GREG GOHEEN; DARRYL WYNN; JODI FOX; HONORABLE KENNETH HURSH; HONORABLE JERRY SHELOR; UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS; HONORABLE KATHERYN VRATIL; HONORABLE ANGEL D. MITCHELL; NEBRASKA FURNITURE MART; HONORABLE PAUL C. GURNEY; HONORABLE LAWTON NUSS; HONORABLE LEE JOHNSON; HONORABLE KEVIN MORIARTY; ONFORCE; WORKMARKET; HONORABLE THERESA JAMES; HONORABLE RACHEL SCHWARTZ; HONORABLE JULIE A. ROBINSON; MCANANY, VAN CLEAVE & PHILLIPS, P.A.,

  Defendants - Appellees.

_____

# ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

In these two related appeals, Scott Sullivan, proceeding pro se,[1] seeks to challenge the district court's denial of motions he made pursuant to Fed. R. Civ. P. 60(b) to set aside adverse judgments the district court entered on July 26 and July 27, 2023. He also challenges the district court's denial of his motion to appoint counsel for him. The underlying adverse judgments were final when this court affirmed them, *see Sullivan v. Graham*, Nos. 23-3153, 23-3154, 2025 WL 1983231 (10th Cir. July 17, 2025) (per curiam) (unpublished). We have jurisdiction under 28 U.S.C. § 1291, but we dismiss these appeals as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Because we have previously set forth the underlying facts and procedural history underlying these appeals, *see Sullivan*, 2025 WL 1983231, at *1–2, we need

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Sullivan proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

not do so at any great length again here. After the district court dismissed his underlying lawsuits, and after this court had initially[2] affirmed that dismissal, Mr. Sullivan brought a motion before the district court under Fed. R. Civ. P. 60 seeking relief from judgment. In this motion, Mr. Sullivan "ask[ed] the Federal judges to all admit that [they] were wrong and grant [him] relief from judgment under Rule 60." R. (24-3114) at 809.

The district court denied the motion, analyzing it under Fed. R. Civ. P. 60(b)(2) and (b)(6), the only two subsections that "appear to possibly apply," R. (24-3114) at 825. The court found Mr. Sullivan "point[ed] to no new evidence in his motion" that would entitle him to relief under Rule 60(b)(2) given the previous dismissal was (in part) for failure to adequately plead a claim under Fed. R. Civ. P. 8. R. (24-3114) at 826. The court further concluded Mr. Sullivan was not entitled to relief under Rule 60(b)(6) because his motion "appears to largely reiterate the same assertions that were raised and rejected previously in this case." R. (24-3114) at 826. The court also denied Mr. Sullivan's request to appoint him counsel, considering and accounting for "the merits of [Mr. Sullivan's] claims, the nature of the factual issues raised in the claims, [his] ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* at 827 (internal quotation marks omitted).

---

[2] This court entered an Order and Judgment affirming the judgments of the district court on May 17, 2024, but, on July 17, 2025, it vacated that Order and Judgment because of a subsequently discovered need to recuse by one of the panel members. With a newly constituted panel, the court again affirmed the judgments of the district court.

These appeals followed.

We first consider the motion to dismiss brought by Defendants Deryl Wynn; Jodi Fox; and McAnany, Van Cleave & Phillips, P.A. (the "MVP Appellees"). The MVP Appellees point out that Mr. Sullivan filed Notices of Appeal in these cases well after thirty days from the district court's initial entries of judgment on July 26 and July 27, 2023. They argue further that the Fed. R. Civ. P. 60 motions were untimely and therefore did not modify the Fed. R. App. P. 4 deadline for filing a notice of appeal. While these arguments are well-taken with respect to the underlying judgment, the Notices of Appeal *were* filed within thirty days of the district court's order denying the Fed. R. Civ. P. 60 motion, and so are timely under Fed. R. App. P. 4(a)(1)(A) as to that order only. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) ("An appeal from a denial of a Rule 60(b) motion addresses only the district court's order denying the motion, and not the underlying decision itself."). So, we deny the motion to dismiss in part.

Granting relief under Fed. R. Civ. P. 60(b) is "an extraordinary remedial procedure. Accordingly, a court reviewing the denial of a Rule 60(b) motion is generally limited to determining whether the denial amounts to an abuse of discretion. A district court abuses its discretion if its decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1011 (10th Cir. 2025) (internal quotation marks, citations, and footnote omitted). The decision whether to appoint counsel for a pro se litigant in a civil case is, likewise, "a matter within the discretion of the

5

district court," and "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

The arguments Mr. Sullivan presents in both appeals do not come close to showing entitlement to Fed. R. Civ. P. 60(b) relief, an abuse of discretion in the denial of Rule 60(b) relief, or an abuse of discretion in concluding he did not meet his burden to show sufficient merit to his claim that the court should appoint counsel for him to prosecute the Rule 60(b) motion. Even liberally construed, Mr. Sullivan's arguments are, at best, attempts to reargue the merits of his previously dismissed claims. This is improper as a basis for relief under Fed. R. Civ. P. 60. *See Servants of the Paraclete*, 204 F.3d at 1012 (holding that a motion for reconsideration is not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

We therefore conclude these appeals are frivolous. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)). So, we dismiss them. *See* § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that . . . the . . . appeal . . . is frivolous . . . .").

                                        Entered for the Court

                                        Joel M. Carson III
                                        Circuit Judge